MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
GILBERTO FRAGOSO BANOS, *individually*
*and on behalf of others similarly situated,*

**COMPLAINT**

*Plaintiff,*

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

-against-

34TH STREET DINER, INC.  (D/B/A TICK
TOCK DINER NY), ALEXANDROS (A.K.A.
ALEX) SGOURDOS, STELIOS NICOLES,
VASILIOS       VASILOPOULOS,       and
KATHERINE TZORTZIDIS,

**ECF Case**

*Defendants.*

-------------------------------------------------------X

Plaintiff Gilberto Fragoso Banos ("Plaintiff Fragoso" or "Mr. Fragoso"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against 34th Street Diner, Inc. (d/b/a Tick Tock Diner NY), ("Defendant Corporation"), Alexandros (a.k.a. Alex) Sgourdos,  Stelios Nicoles,  Vasilios Vasilopoulos, and  Katherine Tzortzidis, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Fragoso is a former employee of Defendants 34th Street Diner, Inc. (d/b/a Tick Tock Diner NY), Alexandros (a.k.a. Alex) Sgourdos, Stelios Nicoles, Vasilios Vasilopoulos, and Katherine Tzortzidis.

2.    Defendants own, operate, or control a diner, located at 481 8th Ave, New York, NY 10001 under the name "Tick Tock Diner NY".

3.    Upon information and belief, individual Defendants Alexandros (a.k.a. Alex) Sgourdos, Stelios Nicoles, Vasilios Vasilopoulos, and Katherine Tzortzidis, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Fragoso was an employee of Defendants.

5.    Plaintiff Fragoso was employed as a food runner and a waiter at the restaurant located at 481 8th Ave, New York, NY 10001.

6.    At all times relevant to this Complaint, Plaintiff Fragoso worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Fragoso appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Specifically, Defendants paid Plaintiff Fragoso at a rate that was equal to the lowered tip-credited rate.

9.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Fragoso's and other tipped employees' tips and made unlawful deductions from Plaintiff Fragoso's and other tipped employees' wages.

10.    Defendants' conduct extended beyond Plaintiff Fragoso to all other similarly situated employees.

11.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Fragoso and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12.    Plaintiff Fragoso now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.    Plaintiff Fragoso seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Fragoso's state law claims under 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a diner located in this district. Further, Plaintiff Fragoso was employed by Defendants in this district.

## PARTIES

*Plaintiff*

16.    Plaintiff Gilberto Fragoso Banos ("Plaintiff Fragoso" or "Mr. Fragoso") is an adult individual residing in Bronx County, New York.

17.    Plaintiff Fragoso was employed by Defendants at Tick Tock Diner NY from approximately September 2014 until on or about March 24, 2018.

18.    Plaintiff Fragoso consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.    At all relevant times, Defendants owned, operated, or controlled a diner, located at 481 8th Ave, New York, NY 10001 under the name "Tick Tock Diner NY".

20.    Upon information and belief, 34th Street Diner, Inc. (d/b/a Tick Tock Diner NY) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 481 8th Ave, New York, NY 10001.

21.    Defendant Alexandros (a.k.a. Alex) Sgourdos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alexandros (a.k.a. Alex) Sgourdos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alexandros (a.k.a. Alex) Sgourdos possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Fragoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.    Defendant Stelios Nicoles is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Stelios Nicoles is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Stelios Nicoles possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Fragoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.    Defendant Vasilios Vasilopoulos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Vasilios Vasilopoulos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Vasilios Vasilopoulos possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Fragoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.    Defendant Katherine Tzortzidis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Katherine Tzortzidis is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Katherine Tzortzidis possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants,

including Plaintiff Fragoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.    Defendants operate a diner located in the Midtown section of Manhattan in New York City.

26.    Individual Defendants, Alexandros (a.k.a. Alex) Sgourdos, Stelios Nicoles, Vasilios Vasilopoulos, and Katherine Tzortzidis, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    Each Defendant possessed substantial control over Plaintiff Fragoso's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Fragoso, and all similarly situated individuals, referred to herein.

29.    Defendants jointly employed Plaintiff Fragoso (and all similarly situated employees) and are Plaintiff Fragoso's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiff Fragoso and/or similarly situated individuals.

31.    Upon information and belief, Individual Defendants Alexandros (a.k.a. Alex) Sgourdos, Stelios Nicoles, Vasilios Vasilopoulos, and Katherine Tzortzidis operate Defendant

Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

32.  At all relevant times, Defendants were Plaintiff Fragoso's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Fragoso, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Fragoso's services.

33.  In each year from 2014 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the diner on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.    Plaintiff Fragoso is a former employee of Defendants who was employed as a food runner and a waiter.

36.    Plaintiff Fragoso seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Gilberto Fragoso Banos*

37.    Plaintiff Fragoso was employed by Defendants from approximately September 2014 until on or about March 24, 2018.

38.    Defendants ostensibly employed Plaintiff Fragoso as a food runner and a waiter.

39.    Plaintiff Fragoso regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.    Plaintiff Fragoso's work duties required neither discretion nor independent judgment.

41.    Throughout his employment with Defendants, Plaintiff Fragoso regularly worked in excess of 40 hours per week.

42.    From approximately September 2014 until on or about March 2015, Plaintiff Fragoso worked as a food runner and a waiter from approximately 4:00 p.m. until on or about 11:00 p.m. to 12:00 a.m., 6 days a week (typically 42 to 48 hours per week).

43.    From approximately March 2015 until on or about October 2015, Plaintiff Fragoso worked as a food runner and a waiter from approximately 4:00 p.m. until on or about 11:00 p.m., five days a week (typically 35 hours per week).

44.    From approximately October 2015 until on or about October 2017, Plaintiff Fragoso worked as a food runner and a waiter from approximately 4:00 p.m. until on or about 11:00 p.m., 4 days a week, from approximately 4:00 p.m. until on or about 12:00 a.m., 1 day a week, two weeks per month, and from approximately 4:00 p.m. until on or about 11:00 p.m., 5 days a week, two weeks per month (typically 35 to 36 hours per week).

45.    From approximately October 2017 until on or about March 24, 2018, Plaintiff Fragoso worked as a food runner and a waiter from approximately 4:00 p.m. until on or about 11:00 p.m., four days a week, from approximately 4:00 p.m. until on or about 1:00 a.m., 1 day a week, three weeks per month, and from approximately 4:00 p.m. until on or about 11:00 p.m., 5 days a week, one week per month (typically 35 to 37 hours per week).

46.    From approximately September 2014 until on or about October 2015, Defendants paid Plaintiff Fragoso his wages in cash.

47.    From approximately October 2015 until on or about March 24, 2018, Defendants paid Plaintiff Fragoso his wages by check.

48.    From approximately September 2014 until on or about October 2015, Defendants paid Plaintiff Fragoso a fixed salary of $40 per week.

49.    From approximately October 2015 until on or about December 2017, Defendants paid Plaintiff Fragoso $7.50 per hour for only 33 to 35 hours per week.

50.    From approximately January 2018 until on or about March 24, 2018, Defendants paid Plaintiff Fragoso $8.65 per hour for only 33 to 35 hours per week.

51.    Plaintiff Fragoso's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

52.    For example, Defendants required Plaintiff Fragoso to work an additional 1 hour past his scheduled departure time three or four times per month, and did not pay him for the additional time he worked.

53.    Defendants never granted Plaintiff Fragoso any breaks or meal periods of any kind.

54.    Nevertheless, Defendants deducted $7 to $11 per week from Plaintiff Fragoso's weekly paycheck for meals he never ate.

55.    Defendants withheld a portion of Plaintiff Fragoso's tips; specifically, Defendants pocketed a portion of all the tips customers paid him (approximately $300 of his tips per week).

56.    Plaintiff Fragoso was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

57.    Defendants required Plaintiff Fragoso to sign a document, only with his name on it, in order to release his weekly pay.

58.    Defendants took improper and illegal deductions of Plaintiff Fragoso's wages.

59.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Fragoso regarding overtime and wages under the FLSA and NYLL.

60.    Defendants did not provide Plaintiff Fragoso an accurate statement of wages, as required by NYLL 195(3).

61.    In fact, Defendants adjusted Plaintiff Fragoso's paystubs so that they reflected inaccurate wages and hours worked.

62.    Defendants did not give any notice to Plaintiff Fragoso, in English and in Spanish (Plaintiff Fragoso's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.   However, Defendants required Plaintiff Fragoso to sign a document in English every year in January or February of each year, the content of which he did not understand and was neither allowed to review in detail nor to keep a copy.

64.   Defendants required Plaintiff Fragoso to purchase "tools of the trade" with his own funds— including three pairs of shoes per year and five pants per year.

*Defendants' General Employment Practices*

65.   At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Fragoso (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

66.   Plaintiff Fragoso was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

67.   Defendants' pay practices resulted in Plaintiff Fragoso not receiving payment for all his hours worked, and resulting in Plaintiff Fragoso's effective rate of pay falling below the required minimum wage rate.

68.   Defendants habitually required Plaintiff Fragoso to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

69.   Plaintiff Fragoso and all other tipped workers were paid at a rate that was at the lowered tip-credit rate by Defendants.

70.   Defendants failed to inform Plaintiff Fragoso who received tips that Defendants intended to take a deduction against Plaintiff Fragoso's earned wages for tip income, as required by the NYLL before any deduction may be taken.

71.    Defendants failed to inform Plaintiff Fragoso who received tips, that his tips were being credited towards the payment of the minimum wage.

72.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Fragoso who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a food runner and a waiter of a portion of the tips earned during the course of employment.

73.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

74.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

75.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

76.    Defendants' time keeping system did not reflect the actual hours that Plaintiff Fragoso worked.

77.    Defendants required Plaintiff Fragoso to sign a document only with his name written on it in order to release his weekly wages.

78.    Defendants required Plaintiff Fragoso to sign a document in English every year, the content of which he did not understand, was not allowed to review in detail and neither was allowed to keep.

79.     From approximately September 2014 until on or about October 2015, Plaintiff Fragoso was paid his wages in cash.

80.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

81.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Fragoso (and similarly situated individuals) worked, and to avoid paying Plaintiff Fragoso properly for his full hours worked.

82.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

83.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Fragoso and other similarly situated former workers.

84.     Defendants failed to provide Plaintiff  Fragoso and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

85.     Defendants failed to provide Plaintiff Fragoso and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

86.    Plaintiff Fragoso brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

87.    At all relevant times, Plaintiff Fragoso and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

88.    The claims of Plaintiff Fragoso stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

89.    Plaintiff Fragoso repeats and realleges all paragraphs above as though fully set forth herein.

90.    At all times relevant to this action, Defendants were Plaintiff Fragoso's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Fragoso (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

91.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

92.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

93.    Defendants failed to pay Plaintiff Fragoso (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

94.    Defendants' failure to pay Plaintiff Fragoso (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

95.    Plaintiff Fragoso (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

96.    Plaintiff Fragoso repeats and realleges all paragraphs above as though fully set forth herein.

97.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Fragoso (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

98.    Defendants' failure to pay Plaintiff Fragoso (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

99.    Plaintiff Fragoso (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

100.    Plaintiff Fragoso repeats and realleges all paragraphs above as though fully set forth herein.

101.    At all times relevant to this action, Defendants were Plaintiff Fragoso's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Fragoso, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

102.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Fragoso less than the minimum wage.

103.    Defendants' failure to pay Plaintiff Fragoso the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

104.    Plaintiff Fragoso was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

105.   Plaintiff Fragoso repeats and realleges all paragraphs above as though fully set forth herein.

106.  Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Fragoso  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107.  Defendants' failure to pay Plaintiff Fragoso overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

108.  Plaintiff Fragoso was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

109.   Plaintiff Fragoso repeats and realleges all paragraphs above as though fully set forth herein.

110.  Defendants failed to provide Plaintiff Fragoso with a written notice, in English and in Spanish (Plaintiff Fragoso's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

111.  Defendants are liable to Plaintiff Fragoso in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

112.   Plaintiff Fragoso repeats and realleges all paragraphs above as though fully set forth herein.

113.   With each payment of wages, Defendants failed to provide Plaintiff Fragoso with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

114.  Defendants are liable to Plaintiff Fragoso in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

115.   Plaintiff Fragoso repeats and realleges all paragraphs above as though fully set forth herein.

116.  Defendants required Plaintiff Fragoso to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

117.  Plaintiff Fragoso was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

118.   Plaintiff Fragoso repeats and realleges all paragraphs above as though fully set forth herein.

119.  New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

120.  Defendants unlawfully misappropriated a portion of Plaintiff Fragoso's tips that were received from customers.

121.  Defendants knowingly and intentionally retained a portion of Plaintiff Fragoso's tips in violations of the NYLL and supporting Department of Labor Regulations.

122.  Plaintiff Fragoso was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

123.   Plaintiff Fragoso repeats and realleges all paragraphs above as though fully set forth herein.

124. Defendants made unlawful deductions from wages of Plaintiff Fragoso (and the FLSA class) including, but not limited to, deductions for meal breaks Plaintiff Fragoso was not permitted to and did not take.

125. The deductions made from wages of Plaintiff Fragoso's and the members of the FLSA class were not authorized or required by law.

126. Through their knowing and intentional efforts to take unauthorized deductions from the wages of Plaintiff Fragoso's and the members of the FLSA class, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

127. Plaintiff Fragoso was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fragoso respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Fragoso and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Fragoso and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Fragoso's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Fragoso and the FLSA Class members;

(f)     Awarding Plaintiff Fragoso and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Fragoso and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fragoso;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fragoso;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Fragoso's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Fragoso;

(l)     Awarding Plaintiff Fragoso damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as

applicable

(m)    Awarding Plaintiff Fragoso damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiff Fragoso liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)    Awarding Plaintiff Fragoso and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiff Fragoso and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff Fragoso demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
March 30, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 26, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Gilberto Fragoso Banos

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          26 de Marzo del 2018

*Certified as a minority-owned business in the State of New York*