UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK         X

GILBERTO FRAGOSO BANOS, individually and on
behalf of others similarly situated,

                   Plaintiff,

-against-

34th STREET DINER, INC.(D/B/A TICK TOCK DINER
NY), ALEXANDROS (A.K.A. ALEX) SGOURDOS,
STELIOS NICOLES, VASILIOS VASILOPOULOS,
and KATHERINE TZORTZIDIS,

                   Defendants.
————————————————————X

Case No. 18-CV-2815
(PGG)

**ANSWER**

34th STREET DINER, INC.(D/B/A TICK TOCK DINER NY), ALEXANDROS (A.K.A. ALEX) SGOURDOS, STELIOS NICOLES, VASILIOS VASILOPOULOS, and KATHERINE TZORTZIDIS by their attorney, Law Offices of Lloyd Somer, by Lloyd Somer, hereby answer the Complaint as follows:

1. Deny the allegations contained within paragraph "1" but admit that the plaintiff was a former employee of the defendant corporation.

2. Deny the allegations contained within paragraph "2" but admit that the defendant corporation owns, operates, and controls the diner.

3. Deny the allegations contained within paragraph "3" but admit that the individually named defendants are, or were, shareholders of the defendant corporation.

4. Deny the allegations contained within paragraph "4" but admit that the plaintiff was a former employee of the defendant corporation.

-1-

5. Admit the allegations contained within paragraph "5."

6. Deny the allegations contained within paragraphs "6" - "13."

7. Admit the allegations contained within paragraph "14."

8. With regard to paragraph "15," deny that the individual defendants operate the diner and that the plaintiff was employed by the individual defendants, and admit the balance of the allegations of said paragraph.

9. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph "16."

10. Deny the allegations contained within paragraph "17" but admit that the defendant corporation employed the plaintiff during the time periods mentioned.

11. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph "18."

12. Deny the allegations contained within paragraph "19" but admit that the defendant corporation owns, operates, and controls the diner.

13. Admit the allegations contained within paragraphs "20" - "21."

14. Deny the allegations contained within paragraph "22" but admit that the defendant Nicoles is, or was, a shareholder in the defendant corporation.

15. Deny the allegations contained within paragraph "23" but admit that the defendant Vasilopoulos is, or was, a shareholder in the defendant corporation.

16. Deny the allegations contained within paragraph "24" but admit that the defendant Tzortzidis is, or was, a shareholder in the defendant corporation.

17. Deny the allegations contained within paragraph "25" but admit that the defendant

corporation operates the diner.

18. Deny the allegations contained within paragraph "26" but admit that the individual defendants own, or owned, an interest in the defendant corporation, and that defendant Sgourdos possesses operational control over the defendant corporation.

19. Deny the allegations contained within paragraph "27."

20. Deny the allegations contained within paragraph "28" but admit that the defendant corporation possessed control over the plaintiff's and others' working conditions.

21. Deny the allegations contained within paragraph "29" but admit that the defendant corporation was the employer of the plaintiff and of others.

22. Deny the allegations contained within paragraph "30" but admit that the defendant corporation was the employer of the plaintiff and of others.

23. Deny the allegations contained within paragraph "31."

24. Deny the allegations contained within paragraph "32" but admit that the defendant corporation was the employer of the plaintiff.

25. Deny the allegations contained within paragraph "33" but admit that the defendant corporation had the stated sales volume.

26. Deny the allegations contained within paragraph "34" but admit that the defendant corporation was engaged in interstate commerce.

27. Deny the allegations contained within paragraph "35" but admit that the defendant corporation was the former employer of the plaintiff who performed the work stated in said paragraph.

28. Deny having knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained within paragraph "36."

29. Deny the allegations contained within paragraph "37" but admit that the defendant corporation employed the plaintiff during the time periods mentioned.

30. Deny the allegations contained within paragraph "38" but admit that the defendant corporation initially employed the plaintiff as a food runner and then as a waiter.

31. Admit the allegations contained within paragraph "39."

32. Admit the allegations contained within paragraph "40."

33. Deny the allegations contained within paragraphs "41" - "45."

34. Deny the allegations contained within paragraph "46" but admit that the defendant corporation paid the plaintiff his wages in cash during this time period.

35. Deny the allegations contained within paragraph "47" but admit that the defendant corporation paid the plaintiff his wages by check and/or in cash during the time periods mentioned.

36. Deny the allegations contained within paragraph "48."

37. Deny the allegations contained within paragraphs "49" - "50" but admit that the defendant corporation paid the plaintiff the appropriate wages for the hours worked.

38. Deny the allegations contained within paragraphs "51" - "73."

39. With regard to paragraph "74," defendants direct the court to the language of the statutes referenced in said paragraph.

40. Deny the allegations contained within paragraphs "75" - "78."

41. Admit the allegations contained within paragraph "79."

42. Deny the allegations contained within paragraphs "80" - "83."

43. Deny the allegations contained within paragraph "84" and state that wage statements

were given to the plaintiff and other employees by the corporate defendant.

44. Deny the allegations contained within paragraphs "85" - "88."

45. With regard to paragraph "89," defendants repeat, reiterate, and reallege all of the responsive pleadings set forth above, as if set forth herein in their entirety.

46. Deny the allegations contained within paragraph "90" but admit that the defendant corporation was the employer of the plaintiff and of others.

47. Deny the allegations contained within paragraph "91" but admit that the defendant corporation was engaged in commerce or in an industry affecting commerce.

48. Deny the allegations contained within paragraphs "92" - "95."

49. With regard to paragraph "96," defendants repeat, reiterate, and reallege all of the responsive pleadings set forth above, as if set forth herein in their entirety.

50. Deny the allegations contained within paragraphs "97" - "99."

51. With regard to paragraph "100," defendants repeat, reiterate, and reallege all of the responsive pleadings set forth above, as if set forth herein in their entirety.

52. Deny the allegations contained within paragraph "101" but admit that the defendant corporation was the employer of the plaintiff.

53. Deny the allegations contained within paragraphs "102" - "104."

54. With regard to paragraph "105," defendants repeat, reiterate, and reallege all of the responsive pleadings set forth above, as if set forth herein in their entirety.

55. Deny the allegations contained within paragraphs "106" - "108."

56. With regard to paragraph "109," defendants repeat, reiterate, and reallege all of the responsive pleadings set forth above, as if set forth herein in their entirety.

57. Deny the allegations contained within paragraphs "110" - "111."

58. With regard to paragraph "112," defendants repeat, reiterate, and reallege all of the responsive pleadings set forth above, as if set forth herein in their entirety.

59. Deny the allegations contained within paragraph "113" and state that a wage statement was given to the plaintiff by the corporate defendant.

60. Deny the allegations contained within paragraph "114."

61. With regard to paragraph "115," defendants repeat, reiterate, and reallege all of the responsive pleadings set forth above, as if set forth herein in their entirety.

62. Deny the allegations contained within paragraphs "116" - "117."

63. With regard to paragraph "118," defendants repeat, reiterate, and reallege all of the responsive pleadings set forth above, as if set forth herein in their entirety.

64. With regard to paragraph "119," defendants direct the court to the language of the statute referenced in said paragraph.

65. Deny the allegations contained within paragraphs "120" - "122."

66. With regard to paragraph "123," defendants repeat, reiterate, and reallege all of the responsive pleadings set forth above, as if set forth herein in their entirety.

67. Deny the allegations contained within paragraphs "124" - "127."

**WHEREFORE**, the defendants demand the dismissal of the complaint in its entirety.

Dated:     June 5, 2018

                                                    __s/_____
                                                  LAW OFFICES OF LLOYD SOMER
                                                  By LLOYD SOMER (LS-5103)
                                                  Attorney for Defendants
                                                  330 Seventh Avenue, 15th Floor

New York, New York 10001  
(212) 629-7001 - Tel.  
(212) 629-7026 - Fax  
Lloyd@someresq.com

TO: MICHAEL FAILLACE & ASSOCIATES, P.C.  
      Attorneys for Plaintiff  
      60 East 42nd Street, Suite 4510  
      New York, New York 10165  
      (212) 317-1200