**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Gilberto Fragoso Banos, *individually and on behalf of others similarly situated*,

    *Plaintiff,*

-against-

34th Street Diner, Inc. (d/b/a Tick Tock Diner NY), Alexandros (a.k.a. Alex) Sgourdos, Stelios Nicoles, Vasilios Vasilopoulos, and Katherine Tzortzidis,

    *Defendants.*

18-cv-02815-PGG

**SETTLEMENT AGREEMENT AND RELEASE**

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Gilberto Fragoso Banos ("Plaintiff Fragoso ") on the one hand, 34th Street Diner, Inc. (d/b/a Tick Tock Diner NY), ("Defendant Corporation"), Alexandros (a.k.a. Alex) Sgourdos, Stelios Nicoles, Vasilios Vasilopoulos, and Katherine Tzortzidis, ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

    WHEREAS, Plaintiff Fragoso alleges that he worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff Fragoso's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-02815-PGG (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them asserted in the Litigation without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Fragoso, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final

satisfaction of any and all claims or potential claims Plaintiff Fragoso may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Fragoso , the gross sum of Nine Thousand Dollars and No Cents (**$9,000.00**) (the "Settlement Amount") to be paid to Plaintiff Fragoso 's attorneys as follows:

(a)  One check in the amount of $5,556.00 made payable to "Gilberto Fragoso Banos" subject to W2 reporting and check in the amount of $3,444.00 made payable to "Michael Faillace and Associates, P.C.," subject to 1099 reporting, for immediate deposit, due within thirty (30) days after court approval of this Agreement, to be delivered to Plaintiff's counsel at their offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165.

(b)  Within 30 days of this Agreement being approved by the Court, all of the checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

(c)  From the total Settlement Amount, a total of $3444.00, representing costs plus one-third of the total settlement amount after costs, shall be paid to Michael Faillace and Associates, P.C., as attorney's fees and costs. The remaining $5,556.00, representing two-thirds of the total settlement amount after deduction of costs, shall be paid to the Plaintiff. The Plaintiff expressly understands and agrees that he shall be solely responsible for the payment of all federal, state and local taxes due on the Settlement Amount. As a necessary precondition to payment of the Settlement Amount, both Michael Faillace and Associates, P.C. and the Plaintiff must each provide counsel for Defendant with properly completed, duly executed IRS Forms W-9. Defendants shall annually issue IRS Forms 1099 and W2 to Plaintiff and to Michael Faillace and Associates, P.C. in connection with the payment of the Settlement Amount.

2.  <u>Release and Covenant Not To Sue</u>: Plaintiff Fragoso hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Fragoso at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Fragoso from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Fragoso relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.  <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.  <u>Modification of the Agreement</u>: This Agreement may not be changed unless the

changes are in writing and signed by a proper representative of Plaintiff Fragoso and Defendants.

5. <u>Acknowledgments:</u> Plaintiff Fragoso and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Fragoso:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Lloyd Somer
Law Offices of Lloyd Somer
330 Seventh Avenue, 15th Floor
New York, New York 10001
Tel: (212) 629-7001
Fax: (212) 629-7026
Email: Lloyd@someresq.com

7. <u>Governing Law:</u> This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Fragoso agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification:</u> Defendants advised Plaintiffs to discuss the terms of this

Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Fragoso acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Fragoso confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission. Fax or PDF copies shall be deemed originals.

**PLAINTIFF:**

By: _____  Date: 02/10/2020
GILBERTO FRAGOSO BANOS

**DEFENDANTS:**

By: _____  Date: 1-21-20
34TH STREET DINER, INC.

By: _____  Date: 1-21-20
ALEXANDROS (A.K.A. ALEX) SGOURDOS

By: _____  Date: 1-21-20
STELIOS NICOLES

By: _____  Date: 1-21-20
VASILIOS VASILOPOULOS

By: _____  Date: 1-21-20
KATHERINE TZORTZIDIS